# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Robert McFarland,**
**Petitioner Below, Petitioner**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1105** (Ohio County 10-C-241)

**David Ballard, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert McFarland, by counsel Mark D. Panepinto, appeals the Circuit Court of Ohio County's order entered on August 8, 2012, denying habeas relief. Respondent Warden, by counsel Andrew Mendelson, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and his co-defendant broke into a home after punching the owner to gain entry in an attempt to steal pain medication. A female co-defendant stayed behind in the car. Petitioner was carrying a loaded sixteen gauge shotgun, which he later used to hit one of the victims. During the robbery, there were two adults in the house, one male and one female, and two children. The male adult was severely beaten. Petitioner hit him with the butt of the shotgun and the co-defendant beat him with his fists.  Petitioner fled the home on foot when police arrived, later swam across the Ohio River and eventually was apprehended by police in Ohio. Petitioner pled guilty to first degree robbery on April 1, 2009, after a jury was selected, and filed a petition for treatment under the Youthful Offender Act on May 4, 2009, alleging that he was eighteen years old at the time of the crime and had no prior felony convictions.

On June 6, 2009, the circuit court rejected petitioner's petition for treatment as a youthful offender. Petitioner was sentenced to seventy years of incarceration on July 9, 2009. Petitioner's co-defendant received seventy-five years of incarceration, and the female co-defendant received one to five years of incarceration. The judge noted at sentencing that "in all my years of being a judge, this, and possibly some murder cases and sexual assault of infants, this is one of the worst factual crimes that I've heard, and it calls for the most serious of punishments." Petitioner's direct appeal was refused on November 18, 2009. On June 7, 2010, petitioner filed a motion for reconsideration of sentence pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure, which was denied.

1

Petitioner then filed a petition for a writ of habeas corpus along with amendments. The petition was denied by orders entered on September 9, 2011, and August 8, 2012. The order dated September 9, 2011, concluded that petitioner had received the effective assistance of counsel, as the circuit court found that the record was replete with evidence showing that petitioner was fully informed of the consequences of pleading guilty in this action. Moreover, the court noted that petitioner's counsel had specifically informed him in writing that he expected petitioner's sentence to be between forty and eighty years of incarceration. An amended order denying habeas relief was entered on August 8, 2012, because the prior order had not addressed all issues presented in the habeas petition.[1] The circuit court reiterated the prior order's findings on ineffective assistance of counsel relating to the plea agreement and sentencing. Moreover, the court found that the sentence was not disproportionate. Finally, the court found that petitioner failed to meet his burden of proof that the court abused its discretion in failing to sentence petitioner as a youthful offender.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

First, petitioner argues that although use of the Youthful Offender Act is within the court's discretion as per *State v. Allen,* 208 W.Va. 144, 157, 539 S.E.2d 87, 100 (1999), the court abused its discretion herein by not sentencing him under the Act. However, this Court has stated as follows:

> Just as a trial court's decision to grant or deny probation is subject to the discretion of the sentencing tribunal, so too is the decision whether to sentence an individual pursuant to the Youthful Offenders Act. The determinative language of West Virginia Code § 25–4–6 is stated indisputably in discretionary terms: "[T]he judge of any court . . . may suspend the imposition of sentence . . . and commit the young adult to the custody of the West Virginia commissioner of corrections to be assigned to a center." *Id.* (emphasis supplied). Since the dispositive statutory term is "may," there can be no question that the decision whether to invoke the provisions of the Youthful Offenders Act is within the sole discretion of the sentencing judge. *See State v. Allen*, 208 W.Va. 144, [157], 539 S.E.2d 87, [100] (1999) (recognizing that "[c]lassification of an individual as a youthful offender rests within the sound discretion of the circuit court"); *accord State v. Richards*,

---

[1]A different circuit court judge entered the amended order.

> 206 W.Va. 573, 575, 526 S.E.2d 539, 541 (1999) (stating that Youthful Offenders Act "grants discretionary authority to the circuit courts to suspend imposition of sentence, and place a qualifying defendant in a program of rehabilitation at a youthful-offender center") (citation omitted).

*State v. Shaw*, 208 W.Va. 426, 430, 541 S.E.2d 21, 25 (2000). This Court finds no abuse of discretion. The record shows that when sentencing petitioner, the circuit court considered the violent manner in which this crime was committed, finding that this was one of the most violent crimes to ever come before him. The choice of whether to sentence petitioner under this Act was within the circuit court's discretion and this Court finds no reason to disturb the decision.

Petitioner's next assignments of error both deal with the sentence imposed. Petitioner argues that a sentence of seventy years is excessive and disproportional to the character and degree of the offense in violation of Article III, Section 5 of the West Virginia Constitution and the Eighth Amendment to the United States Constitution. He also argues that he was denied equal protection of the law given the trial court's improper consideration that petitioner was a resident of Ohio in imposing sentence.

This Court has held that, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). However, this Court has held as follows:

> Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983). Upon review of the record, the circuit court sentenced petitioner within the statutory limit and the sentence was not based upon any impermissible factor. Petitioner's argument that he was sentenced more harshly as a non-resident of West Virginia is also without merit. The circuit court simply stated his hope for a deterrent effect to put others on notice of the consequences of violating the citizens of Ohio County's expectation of safety in their home. Finally, the punishment herein is not disproportionate. One of petitioner's co-defendants was sentenced to greater incarceration than petitioner. In addition, petitioner will be parole-eligible after serving a quarter of his sentence rather than one-third, making him eligible for parole after seventeen and one-half years and able to discharge his sentence after thirty-five years if he receives good time credit.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4